**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PEGGY MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00417-CVE-JFJ |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DEEM CONFESSED DEFENDANT'S MOTION TO
STRIKE/EXCLUDE ALL EXPERT WITNESSES ON
PLAINTIFF'S PRELIMINARY WITNESS LIST**

Defendant respectfully moves the Court, pursuant to LCvR 37-2(e), to deem confessed Defendant's Motion to Strike/Exclude All Expert Witnesses on Plaintiff's Preliminary Witness List ("Motion to Strike/Exclude") [Doc 43] because Plaintiff failed to timely oppose the Motion. Defendant is otherwise entitled to have its Motion to Strike/Exclude granted in full because Plaintiff has not shown good cause for why she was substantially justified in failing to timely disclose these experts. Plaintiff did not act timely to cure this failure and indeed has not fully cured the deficient disclosure because Plaintiff has never provided reports for these experts and the discovery cutoff date is now expired. Plaintiff's failure has caused substantial and unfair harm to Defendant. In support, Defendant shows the Court as follows.

**INTRODUCTION**

Plaintiff's Response to Defendant's Motion to Strike/Exclude All Expert Witnesses on Plaintiff's Preliminary Witness List ("Plaintiff's Response") [Doc 51] was not timely filed pursuant to LCvR 37-2(e). As no response opposing Defendant's Motion to Strike/Exclude was timely filed, Defendant's Motion to Strike/Exclude should be deemed confessed.

1

Beyond this failure by Plaintiff, there is good reason for granting Defendant's Motion to Strike/Exclude in full. Plaintiff's Response concedes that she failed to disclose or serve expert reports by Christopher W. Young, Jr., Harry E. Coates, Jr., Walt Haskins and Mark Romano[1] by the April 17, 2026 scheduling order deadline. Plaintiff attempted to identify these experts on June 22, 2026 through her preliminary witness list, but that too was untimely as the Court-imposed deadline for that disclosure was June 5, 2026. At no point has Plaintiff made the required expert disclosures because Plaintiff has never provided expert reports for any of these experts, and the discovery cutoff deadline is expired. Defendant will be severely and unfairly prejudiced if these experts are not stricken/excluded. Plaintiff has not offered good reason for having failed to disclose these experts timely and even neglected to timely respond to the motion challenging the untimely attempted disclosure. Plaintiff's failure to adhere to Court-imposed deadlines appears to be a pattern rather than an exception. Under these circumstances, it is proper for this Court to deem Defendant's Motion to Strike/Exclude confessed.

## ARGUMENT & AUTHORITIES

### A. Plaintiff Failed to Meet the Deadline for Opposing This Discovery Motion

Plaintiff's Response is not timely under LCvR 37-2(e) which sets the response deadline for opposing discovery motions filed under Federal Rules of Civil Procedure 26-37 or 45. On July 6, 2026, Defendant filed, pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c), its Motion to Strike/Exclude after Plaintiff attempted to identify experts beyond the applicable deadline. Under Local Civil Rule 37-2(e), Plaintiff's response to Defendant's Motion to Strike/Exclude was due within 14 days, or by July 20, 2026, and the reply brief due within 7 days of the response, or by July 27, 2026. Plaintiff's Response wasn't filed until July 27, 2026, a week after the deadline had already

---

[1] Defendant's Motion to Strike/Exclude inadvertently misidentified Mr. Romano as "Frederick J. Bingham."

passed, and on the due date for Defendant's reply. Plaintiff did not seek either leave of Court or Defendant's consent to file the response out of time. Plaintiff's Response was not filed timely and no extension for a later filing was either requested or granted. Plaintiff's failure to respond within the time allowed warrants deeming Defendant's Motion to Strike/Exclude confessed.

**B. Good Reason for Granting Defendant's Motion to Strike/Exclude**

Good reason exists to grant Defendant's Motion to Strike/Exclude in full. Plaintiff's Response concedes that she failed to disclose or serve expert reports by Christopher W. Young, Jr., Harry E. Coates, Jr., Walt Haskins and Mark Romano by the April 17, 2026 scheduling order deadline. *See* Dkt. 51 at 1 (conceding that the experts "were not disclosed to State Farm's counsel until Plaintiff served her Preliminary Witness List on June 22, 2026"); *id*. at Exhibit 1 (cover email to State Farm's Counsel attaching Plaintiff's Preliminary Witness List); *see additionally* Dkt. 21 (Amended Scheduling Order) at ¶ 7 (Plaintiffs' Expert Disclosures and Reports due April 17, 2026). Nor did Plaintiff <u>ever</u> seek extension of the April 17, 2026 expert disclosure deadline. *See* Dkt. 50 at ¶ 7 (July 27, 2027 motion requesting a four month extension of <u>unexpired</u> scheduling deadlines). Even Plaintiff's Preliminary Witness List purporting to disclose these experts was provided out of time because the Court-established deadline was June 5, 2026. *See* Dkt 21 at ¶ 6. As of the August 3, 2026 discovery cutoff, Plaintiff had still not served expert reports by any of these experts – violating the express requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

Moreover, contrary to Plaintiff's assertions (Dkt. 51 at 2), State Farm's July 9, 2026 Unopposed Motion to Extend the Scheduling Order Deadlines for Deposition Designations (due July 17, 2026) and Counter-Designations (due July 31, 2026) until after the August 3, 2026 discovery cutoff is in no way inconsistent with its position in the present motion. *See* Dkt. 51 at 2 (accusing State Farm of trying to "leapfrog" its prior motions). State Farm has <u>never</u> requested extensions of the <u>expert</u> witness deadlines in this case – much less <u>belatedly</u> requested extensions of expert witness

deadlines that had already expired.

### 1. *Plaintiff Has Not Shown Good Cause for Late Expert Disclosures*

Plaintiff's lone justification for permitting these experts appears to be that another lawyer at another law firm entered an appearance as co-counsel on May 18, 2026 – more than a month after the deadline for Plaintiff's expert witness disclosures and reports had expired. *See* Dkt 51 at 3. Yet Plaintiff cites no case law holding that the requirements of the operative Amended Scheduling Order or of Federal Rule of Civil Procedure 26(a)(2)(B) are waived by the appearance of co-counsel.[2] And Plaintiff fails to distinguish any of Defendant's cited authorities in its opening brief (Dkt. 43). Further, even if co-counsel didn't file his entry of appearance until May 2026, his law firm was involved with this case since at least February 2026, probably longer, which is well before the appliable April 17, 2026 expert disclosure deadline here.

### 2. *There Is No Justification for Plaintiff's Failure to Timely Disclose Experts*

Plaintiff's assertion that she could not have learned of the *purported* "pattern and practice of denying wind and hail claims in bad faith" until May 18, 2026 (Dkt. 51 at 3) is similarly without merit and ignores a raft of publicly available filings in Oklahoma wind and hail cases dating back to long before Plaintiff's April 17, 2026 expert witness deadlines. For example, a publicly filed November 11, 2025 Opposition to State Farm's Motion to Quash the depositions of various State Farm employees in *Hursh v. State Farm* details prior deposition testimony, declarations, and documents regarding the purported scheme; a copy of that document is attached herewith as **Exhibit A**, omitting the voluminous exhibits thereto. This 2025 filing was made by the same lawyer who entered his appearance in this case in May 2026 and whose firm has been involved with this case since at least

---

[2] The cases cited in Plaintiff's Opposition (Dkt. 51 at 4, n.3) do not support that proposition. And in any event, although co-counsel did not formally enter an appearance until May 18, 2026, Plaintiff fails to aver that co-counsel or his firm were not working on this case as of the April 17, 2026 expert disclosure deadline.

February 2026, though probably much longer.

      3.   *Plaintiff Did Not Act Timely To Cure Her Failures and Has Caused Substantial Harm to Defendant*

Plaintiff's Response substantially misstates and minimizes the prejudice to State Farm by suggesting that the State Farm's only asserted prejudice is a "two-week discrepancy" between the June 5, 2026 Preliminary Witness List deadline established by the Amended Scheduling Order (Dkt. 21) and the actual June 22, 2026 service date, which itself was out of time. See Dkt. 51 at 2. Contrary to Plaintiffs' suggestion, State Farm's actual prejudice is that none of the four listed experts were disclosed by the April 17, 2026 expert deadline, that State Farm was therefore deprived of the opportunity to designate rebuttal experts by its May 1, 2026 expert disclosure deadline (Dkt. 21 at ¶ 8), and that State Farm still has not received reports by these experts as of the close of discovery – thus depriving State Farm of its right to depose these experts as to the substance of their opinions and to file Daubert challenges to their testimony. Permitting these experts to participate will force the Court to delay the trial. Plaintiff has repeatedly ignored the deadlines applicable to this case: the April 17, 2026 expert disclosure deadline; the June 5, 2026 date for preliminary witness identification; and the July 20, 2026 response deadline to Defendant's Motion to Strike/Exclude. Plaintiff has never sought to fully comply with expert disclosures as indeed Plaintiff has never provided any expert reports for these persons. Plaintiff has not shown the Court that she is entitled to any exception permitting the use of these experts for any purpose.

## CONCLUSION

Defendant respectfully requests that the Court enter an Order: (1) deeming confessed Defendant's Motion to Strike in full; and (2) precluding Plaintiff from using Christopher W. Young, Jr., Harry E. Coates, Jr., Walt Haskins and Mark Romano for any purpose, including at trial or in connection with any hearing or motion. A proposed form of order will be submitted through CM/ECF.

Respectfully Submitted,

s/ Paige N. Shelton
Paige N. Shelton, OBA #20330
Sarah M. Siddall, OBA #35672
**SPENCER FANE, LLP**
4100 First Place Tower
15 E. 5th St.
Tulsa, OK  74103
918/586-8558 – 918/586-5689
*pshelton@spencerfane.com*
*ssiddall@spencerfane.com*

*Attorneys for Defendant State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

☑    I hereby certify that on August 5, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Amber Peckio
Blake Sonne
Jake Denne

s/ Paige N. Shelton
Paige N. Shelton

6